**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherri Louise Spaulding,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-19-05747-PHX-DMF<br><br><br><br>**ORDER** |

At issue is the denial of Plaintiff Sherri Spaulding's Application for Disability Insurance benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 11, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 12, "Def. Br."), and Plaintiff's Reply (Doc. 13, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 10, "R."), and now reverses the Administrative Law Judge's ("ALJ") decision, (R. at 17-34), and remands Plaintiff's case for a new hearing.

**I.  BACKGROUND**

Plaintiff filed her Application for Disability Insurance benefits on June 6, 2016, alleging disability beginning May 12, 2016. (*Id.* at 20.) Plaintiff's claim was denied initially on October 4, 2016, and upon reconsideration on November 28, 2016. (*Id.*) On September 10, 2018, Plaintiff appeared before the ALJ for a hearing on her claim, and on

December 6, 2018, the ALJ denied Plaintiff's claim. (*Id*. at 17-34.) The Appeals Council denied Plaintiff's Request for Review of the ALJ's decision on October 4, 2019. (*Id*. at 1-6.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: lumbar degenerative disc disease and status post fusion. (*Id*. at 23.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from the alleged disability onset-date through the date of the decision. (*Id*. at 21.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 23.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding "[Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can only occasionally climb, stoop, crouch, kneel, and crawl; and frequently balance. [Plaintiff] can have occasional exposure to excessive vibration; dangerous machinery with moving mechanical parts; and unprotected heights." (*Id*. at 24.) Accordingly, the ALJ found that Plaintiff is capable of performing her past relevant work as a teacher aide and mail handler. (*Id*. at 28.)

## II.     LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a

"specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration. First, Plaintiff argues that "the ALJ failed to attain adequate guidance from opinion evidence in formulating the RFC." (Pl. Br. at 1.) Second, Plaintiff argues that the ALJ failed to adequately assess Plaintiff's symptom testimony. (*Id.*) Based on these errors, Plaintiff argues that her case should be remanded for a new hearing. (*Id*. at 14.)

The Court finds that Plaintiff's first argument is correct—the ALJ failed to attain adequate guidance from the medical opinion evidence in formulating the RFC.

Specifically, the ALJ failed to develop the record with supplementary medical opinion evidence after Plaintiff's June 2017 spinal fusion surgery. Instead, the ALJ relied on stale medical opinions that did not indicate the magnitude of Plaintiff's functional limitations post-surgery. Without adequate guidance, the ALJ's RFC calculation is unsupported by substantial evidence. Accordingly, so is the ALJ's nondisability determination.[1]

It is the ALJ's duty to evaluate the medical evidence, resolve conflicts and ambiguities in the record and determine a claimant's RFC. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The RFC must contain only those limitations that are supported by substantial evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). The RFC need not match any particular medical source opinion since it is a legal determination. 20 C.F.R. §§ 404.1527(d)(2), 404.1545, 404.1546(c). Additionally, where the record is ambiguous, the ALJ must develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). A specific finding that the record is ambiguous is not required to trigger this duty; the record itself may disclose that further development is required. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

When evaluating the medical opinion evidence, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti*, 533 F.3d at 1041. Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)-(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211,

---

[1] Because Plaintiff's first argument is dispositive and results in remand for a new hearing, the Court will not address her second argument that the ALJ incorrectly rejected her symptom testimony since it is superfluous.

1216 (9th Cir. 2005).

The ALJ considered five medical opinions from doctors regarding Plaintiff's functional limitations due to her physical impairments. However, the ALJ gave none of these opinions more than some or partial weight, in part because the ALJ found each was stale. (R. at 26-27.) Reviewing physicians Dr. Yosef Schwartz and Dr. Cynthia Horn found that Plaintiff had no severe impairments, in October 2016 and November 2017, respectively. (*Id*. at 59, 69.) Thus, these doctors found that Plaintiff does not have an impairment or combination of impairments "which significantly limits [he]r physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). However, the ALJ found these opinions "underestimate the functional limitations caused by [Plaintiff's physical impairments], especially as these opinions predate most of the relevant period, and most notably, her June 2017 lumbar fusion." (R. at 26.) Next, the ALJ gave partial weight to the opinion of examining physician Dr. Michael Alberti, in part, because Dr. Alberti did not review any supporting records and because "this opinion also predates a majority of the relevant period." (*Id*. at 27.) Similarly, the ALJ gave some weight to opinions from Plaintiff's treating physicians Dr. Diem-Thuy Kahlon and Dr. William Riley, in part, because the "opinion[s] predates almost the entire relevant period, thereby preventing [them] from being an accurate, comprehensive opinion regarding [Plaintiff's] overall functional limitations." (*Id*.)

Plaintiff argues that "[t]he ALJ d[id] not have sufficient opinion evidence to guide her physical RFC assessment." (Pl. Br. at 8.) The Court agrees. Without adequate opinion evidence to guide the ALJ's RFC determination, it is unclear how the ALJ translated the medical evidence post-surgery into functional limitations. The ALJ is not allowed to translate medical findings into functional limitations based on her own expertise. *Kelly v. Berryhill*, 732 F. App'x 558, 561 (9th Cir. 2018). Here, none of the opinions before the ALJ assessed Plaintiff's limitations post-surgery. Even if the ALJ correctly rejected all those opinions, that does not mean the ALJ has free reign to translate Plaintiff's medical records into an RFC without appropriate guidance. And the ALJ essentially acknowledged

that there was inadequate guidance. (R. at 26-27.) Although the ALJ has wide discretion in evaluating the medical evidence and opinions, that discretion was exceeded here. The ALJ could not in this case simply conclude that Plaintiff was more limited than Drs. Schwartz, Horn, and Alberti opined, but less limited than Drs. Kahlon and Riley, and then pick a level of limitation that seemed reasonable. That approach is not permissible here where none of the available opinions concerned important parts of the relevant period. The ALJ's conclusions must be supported by substantial evidence but the medical opinions in this case do not provide that support for the ALJ's conclusion.

The issues with Drs. Schwartz, Horn, and Alberti's opinions that the ALJ identified illustrate why those opinions are not adequate foundation for the ALJ's RFC calculation. The ALJ found each was stale. (R. at 26-27.) Moreover, Dr. Alberti did not review any treatment records and Drs. Schwartz and Horn found Plaintiff's physical impairments were nonsevere. (*Id*.) Dr. Alberti also "found no objective evidence to limit [Plaintiff's] activities, especially in light of the absence of imaging studies to refer to." (*Id*.) Accordingly, it is unclear how the ALJ calculated Plaintiff's RFC. Plaintiff's RFC includes non-negligible limitations, and these limitations could not be drawn from Drs. Schwartz, Horn, and Alberti since they found her limitations were negligible. (*Id*. at 24-27.) Nor could they come from Drs. Kahlon or Riley's opinions since the ALJ found their opinions were vague. It appears the ALJ simply split the difference between the opinions, but this does not mean the ALJ's calculation was supported by substantial evidence.

Ultimately, the record was ambiguous regarding Plaintiff's functional limitations following her June 2017 lumbar fusion. This ambiguity triggered the ALJ's duty to develop the record, and accordingly, the ALJ should have obtained additional medical opinions regarding Plaintiff's limitations. *See McLeod*, 640 F.3d at 885.

Defendant's arguments in opposition are unpersuasive. Defendant argues that the ALJ is not required to adopt an RFC that mirrors any particular medical opinion. (Def. Br. at 4.) But Plaintiff does not claim there is such a requirement and her argument does not rest on such a requirement. Instead, Plaintiff argues that since the available opinions were

inadequate to inform the ALJ's RFC calculation, the ALJ should have developed the record further. (Pl. Br. at 9.) The Court agrees. Next, Defendant argues that the ALJ correctly evaluated the medical opinion evidence and medical records that indicate Plaintiff experienced improvement with treatment. (Def. Br. at 7-8.) However, this argument misses the central issue in this case. The issue is not whether the ALJ correctly rejected the available opinions or whether Plaintiff experienced improvement with treatment. Instead, the issue is how the ALJ translated the medical evidence post-surgery, including Plaintiff's improvement, into the functional limitations that comprise Plaintiff's RFC. The ALJ is not permitted to generate an RFC without appropriate support from the medical evidence, and the medical evidence is ambiguous in this case without guidance from non-stale medical opinion evidence. Even if Plaintiff' condition improved and the ALJ correctly rejected the available opinions pre-surgery as representative of Plaintiff's condition post-surgery, the ALJ needed some means to translate the evidence into functional limitations besides the ALJ's own non-medical expertise.

Defendant's argument that the record was not ambiguous is incorrect, and the cases the defense relies on for support do not inform the outcome of this appeal. In *Mojarro v. Berryhill*, 746 F. App'x 672, 675 (9th Cir. 2018), the Ninth Circuit, without explanation and citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150-51 (9th Cir. 2001), found that the ALJ fulfilled the duty to develop the record by leaving the record open following the hearing. The Ninth Circuit's opinion in *Mojarro* does not explain why Mojarro claimed the record needed more development. *Mojarro*, 746 F. App'x at 675. Further, in *Tonapetyan*, the Ninth Circuit found that further development was necessary because there was an incomplete record regarding the effect of Tonapetyan's mental impairments. *Id.* at 1150-51. Defendant's reliance on *Mojarro* is misplaced because it is unclear why leaving the record open meant it was adequately developed in *Mojarro* and because *Tonapetyan* actually supports Plaintiff's arguments. In addition, *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020), is distinguishable and does not control here. In *Ford*, the ALJ had the reports of two non-examining physicians which were pertinent to the relevant period. *Ford*

*v. Saul*, 950 F.3d at 1154 ("Because Dr. Medani's opinions regarding Ford's functional capacity were contradicted by the reports of two non-examining physicians, the ALJ could reject the opinions by giving 'specific and legitimate reasons' for doing so."). However, in the case before this Court, there are no other opinions that provide adequate assessments regarding Plaintiff's functional limitations during the relevant period. (R. at 26-27.)

## IV.   CONCLUSION

Substantial evidence does not support the ALJ's nondisability determination. Because stale medical opinions guided the ALJ's evaluation of Plaintiff's functional limitations following her June 2017 surgery, the available record did not provide substantial evidence to support the ALJ's RFC calculation. Accordingly, the ALJ was required to further develop the record and compute Plaintiff's RFC based on medical opinions that account for Plaintiff's condition and limitations post-surgery.

**IT IS THEREFORE ORDERED** reversing the December 6, 2018 decision of the Administrative Law Judge (R. at 17-34), as upheld by the Appeals Council (R. at 1-6).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a new hearing and further development of the record.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 1st day of February, 2021.

_____
Honorable Deborah M. Fine
United States Magistrate Judge